IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,817






EX PARTE DARRON T. MOORE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2007-414858 IN THE 364TH DISTRICT COURT


FROM LUBBOCK COUNTY






 Per curiam.



O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and was sentenced to ninety-nine years' imprisonment. 

 Applicant complains in his habeas application of two alleged instances of ineffective
assistance of trial counsel. He asserts that counsel was ineffective for not preserving for appellate
review the denial of a motion to suppress and for not presenting at trial evidence contained in a
co-defendant's statement to police. He also argues that a conflict of interest prevented trial counsel
from adequately representing him, and he claims the trial court should not have appointed this trial
counsel because of the conflict. We order this application be filed and set for submission on
Applicant's ineffective assistance of counsel claim regarding counsel's failing to preserve the denial
of the motion to suppress. Applicant's motion to expand the habeas record with Objections is also
granted. The remaining claims lack merit and are denied. The parties shall brief the following issue:

 Whether Applicant was denied effective assistance of trial counsel when counsel
filed and argued, before trial, a motion to suppress evidence obtained from a search
conducted pursuant to a warrant, which was denied, but failed to preserve the issue
of the validity of the search warrant for appellate review. See Strickland v.
Washington, 466 U.S. 668 (1984). 


 The trial court shall determine whether Applicant is indigent. If Applicant is indigent and
desires to be represented by counsel, the trial court shall appoint an attorney to represent Applicant. 
Tex. Code Crim. Proc. art 26.04. The trial court shall send to this Court, within 60 days of the date
of this order, a supplemental transcript containing either the order appointing counsel or a statement
that Applicant is not indigent. All briefs shall be filed with this Court on or before September 11,
2012.


Filed: June 13, 2012

Do not publish